IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HERO T. SMITH, f/k/a Tiera T. Smith, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1557 (MN) |
| | ) |
| LAUREL POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Hero T. Smith, New Castle, Delaware – *Pro Se* Plaintiff

April 19, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Hero T. Smith ("Plaintiff"), an inmate at the Delores J. Baylor Women's Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). This Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## I.  BACKGROUND

Plaintiff alleges violations of the Fourth and Eighth Amendments to the U.S. Constitution, as well as child sexual abuse under the Child Abuse Prevention and Treatment Act, 42 U.S.C. 5101 *et seq*. ("CAPTA"). (D.I. 1 at 6). Plaintiff alleges that on November 22, 2003, while 16, wrongful acts were committed by two white male officers wearing Laurel Police Department uniforms. (*Id*.).

Plaintiff seeks restitution for abuse, harassment and assault and also asks that the "officers who committed these crimes" be held accountable and criminally prosecuted. (D.I. 1 at 10).

## II.  LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds

*pro se*, Plaintiff's pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d. at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, this Court, however, must grant a plaintiff leave to amend their complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014)

(internal quotation marks omitted).  In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).  Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).  A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.   DISCUSSION

To the extent Plaintiff raises claims under 42 U.S.C. § 1983, the claims are time-barred. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985).  In Delaware, § 1983 claims are subject to a two-year limitations period.  *See* 10 Del. Code § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996).  Section 1983 claims accrue "when the plaintiff knew or should have known of the

injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Accordingly a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915A(b)(1).

The acts complained of by Plaintiff occurred on November 22, 2003. Plaintiff did not, however, file a Complaint until November 1, 2021. It is evident from the face of the Complaint that Plaintiff's § 1983 claims are barred by the two year limitations period.

To the extent Plaintiff raises claims under CAPTA, district courts in this Circuit have held that while CAPTA mandates child abuse and neglect reports and records remain confidential, it does not give rise to a § 1983 claim or provide for a private cause of action. *See Jordan v. City of Philadelphia*, 66 F. Supp. 2d 638, 648 (E.D. Pa. 1999) ("CAPTA clearly does not create a private right of action under 42 U.S.C. § 1983"); *Baby Neal v. Casey*, 821 F. Supp. 320, 329 (E.D. Pa. 1993) ("[CAPTA] does not give rise to an enforceable private right of action under 42 U.S.C. § 1983"), *aff'd on recons.*, No. CIV.A. 90-2343, 1995 WL 728589, at *1 (E.D. Pa. Dec. 7, 1995); *Charlie H. v. Whitman*, 83 F. Supp. 2d 476, 496–97 (D.N.J. 2000) (collecting cases); *see also Smith v. Bunkley*, 171 A.3d 1118, 1125 (Del. Super. Ct. 2016) (CAPTA does not provide a private

cause of action). *But see Marisol A. by Forbes v. Giuliani*, 929 F. Supp. 662, 684 (S.D.N.Y. 1996) (relying on *Jeanine B. ex rel. Blondis v. Thompson*, 877 F. Supp. 1268 (E.D. Wis. 1995)) ("[P]laintiffs are entitled to claim alleged violations of CAPTA pursuant to § 1983"), *aff'd sub nom.*, 126 F.3d 372 (2d Cir. 1997). Plaintiff's CAPTA claim fails as a matter of law. Therefore, it will be dismissed.

Because Plaintiff's allegations are time-barred and fail as a matter of law, this Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## IV. CONCLUSION

For the above reasons, this Court will dismiss the Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Amendment is futile.

An appropriate Order will be entered.